**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SEEMA MADHAVAN, *individually and on behalf of all others similarly situated*, | ) ) ) |
| Plaintiffs, | ) ) Case No. 1:22-cv-01350 |
| v. | ) ) Judge Edmond E. Chang |
| BLISTEX INC., | ) ) ) |
| Defendant. | ) |

**DEFENDANT BLISTEX INC.'S RESPONSE**
**TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

On July 26, 2022, Plaintiff filed *Barnes v. Unilever United States Inc.*, No. 21-cv-6191, 2022 WL 2915629, at *1 (N.D. Ill. July 24, 2022). (Dkt. 24-1.) Plaintiff contends *Barnes* is supplemental authority pertinent to her arguments on the pending Motion to Dismiss. (Dkt. 24.)

The *Barnes* matter—a nonbinding district court authority[1]—is entirely irrelevant here for two reasons. First, the *Barnes* action involves claims brought under *Illinois law*. The *Barnes* action involves three Illinois plaintiffs. (*See Barnes*, No. 21-cv-6191, Dkt. 41 ¶¶ 12-14.) All claims were analyzed under Illinois law. *See Barnes*, 2022 WL 2915629, at *2-3. Here, however, the claims were brought by a New York plaintiff and brought under New York law. (*See* Dkt. 14 at 6-7.) That claims for unjust enrichment and violation of the Illinois Consumer Fraud Act ("ICFA") survived under an analysis of Illinois law is not relevant to the New York claims at hand. This Court should instead turn to the New York cases cited throughout Blistex's briefing.

---

[1] It bears noting that *Barnes* was issued effectively as an advisory opinion "to provide guidance for further proceedings" even though the consolidated plaintiffs intended to file an amended complaint. *See Barnes*, 2022 WL 2915629, at *1.

Second, Plaintiff contends *Barnes* is relevant because the court allowed the "consumer protection" claim to proceed. (Dkt. 24.) Plaintiff omits that the claim in *Barnes* was an ICFA claim—not, as asserted here, claims under New York General Business Law ("GBL") §§ 349, 350. Most critically, Plaintiff omits that the court in *Barnes* permitted *only* a theory of "unfair practice" under the ICFA to proceed. *See Barnes*, 2022 WL 2915629, at *3.

Even assuming *Barnes* reached the correct conclusion, the distinction between an unfair practice under the ICFA and a deceptive or misleading practice under the GBL is key. (*See* Dkt. 20 at 16-18, [Plaintiff conceding only misleading conduct is at issue].) An unfair practice under the ICFA involves its own unique standard, and the court in *Barnes* made no mention of the reasonable consumer standard. *See, e.g., Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 647 (7th Cir. 2019) (discussing standard for "unfair" ICFA claim). The claims at hand here—alleged deceptive and misleading practices under GBL § 349 and false advertising under GBL § 350—both require an analysis of the reasonable consumer standard. *See, e.g.*, *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013); *Harris v. Pfizer Inc.*, No. 21CV6789 (DLC), 2022 WL 488410, at *7 (S.D.N.Y. Feb. 16, 2022). This is the standard that Plaintiff cannot survive even on the pleadings. (*See* Dkt. 14 at 17-20.)

To that end, it bears noting that in *Barnes*, the plaintiffs also alleged deceptive practices. (*See Barnes*, No. 21-cv-6191, Dkt. 41 ¶ 93.) Allegations of deception under ICFA are governed by the reasonable consumer standard. *See Benson*, 944 F.3d at 646. The court in *Barnes* made no mention of deception and thus did not permit a theory of deception under ICFA to proceed.

The *Barnes* decision is wholly inapposite, pertaining to entirely different law and entirely different legal theories. This decision should be ignored.

2

Dated: August 3, 2022  Respectfully submitted,

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

By: */s/ Mark S. Eisen*
David S. Almeida
Mark S. Eisen
Emily Jaye Johnson (admitted *pro hac vice*)
dalmeida@beneschlaw.com
meisen@beneschlaw.com
ejohnson@beneschlaw.com
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 S. Wacker Drive, Suite 1600
Chicago, Illinois 60606
Telephone: (312) 212-4949
Facsimile: (312) 767-9192

*Counsel for Blistex Inc.*